UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JIN MYUNG, et al.,<br>　　Plaintiffs,<br>v.<br>COLONIAL VAN LINES INC.,<br>　　Defendants. | Case No. 2:24-cv-02182-CDS-NJK<br>**Order**<br>[Docket No. 38] |

Pending before the Court is Plaintiffs' motion for Defendant Colonial Van Lines to deliver Plaintiffs' belongings from storage. Docket No. 38. Defendant Colonial Van Lines filed a response. Docket No. 39. Plaintiffs filed a reply. Docket No. 41. The Court does not require a hearing. *See* Local Rule 7-2.

Having reviewed Plaintiffs' motion, it suffers from threshold deficiencies. First, the motion does not provide citations to any legal authority justifying the relief requested. *See* Docket No. 38. Instead, Plaintiffs state that they "respectfully ask the Court to compel Defendants to immediately deliver their belongings to the agreed destination and to award Plaintiffs their attorney's fees incurred in bringing this Motion." *Id.* at 3. Defendant contends that "Plaintiffs are asking the Court to grant summary judgment and make a determination that Plaintiffs are entitled to specific performance." Docket No. 39 at 1. However, in reply, Plaintiffs submit that they did not bring a motion for summary judgment, but a motion for immediate equitable relief. *See* Docket No. 41 at 3. Yet again, Plaintiffs fail to provide a citation to legal authority justifying the relief requested, beyond repeatedly asserting their entitlement to such relief. *See* Docket Nos. 38, 41.

Second, the three total cases that Plaintiffs cite to are unavailing given the relief requested. *See* Docket No. 38 at 4-5. Plaintiffs cite to *Johnson v. Bekins Van Lines Co.*, No. 2:20-cv-00747-

APG-DJA, 2021 WL 610216, at *3 (D. Nev. Feb. 16, 2021).[1]  Docket No. 38 at 4.  However, this case involves judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50, which is inapplicable here.  *See id.* at 546.  Further, the *Neptune Orient Lines, Ltd.* case discusses an appeal of a motion for summary judgment, which is also unavailing given that Plaintiffs clearly submit they "are not seeking summary judgment."  Docket No. 41 at 3.  Additionally, the third case cited, *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991), discusses preliminary injunctive relief—which is also not the relief requested here.  *See* Docket No. 38 at 5.  Moreover, the motion consists of less than three pages of argument and is not well-developed, particularly given the significance of the relief being sought.  Courts do not address arguments that are presented without sufficiently developed argument.  *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

Accordingly, the pending motion is **DENIED**.  Docket No. 38.

IT IS SO ORDERED.

Dated: October 27, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] This case is not attributable to the provided case docket number nor the provided database identifier and electronic report number.  Case No. 2:20-cv-00747 in the District of Nevada is actually *Egg and I, LLC et al v. U.S. Specialty Insurance Company et al.*, No. 2:20-cv-00747-KJD-DJA.  The case exists in the U.S. District Court for the Eastern District of Texas, with the citation: *Johnson v. Bekins Van Lines Co.*, 808 F. Supp. 545 (E.D. Tex. 1992), *aff'd*, 995 F.2d 221 (5th Cir. 1993).