CHARLIE H. LUH, ESQ.
Nevada State Bar No. 6726
CRAIG D. SLATER, ESQ.
Nevada State Bar No. 8667
LUH & ASSOCIATES
8987 W. Flamingo Road, Suite 100
Las Vegas, Nevada  89147
T: (702) 367-8899; F: (702) 384-8899
cluh@luhlaw.com
cslater@luhlaw.com
Attorneys for COLONIAL VAN LINES

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * * * *

JIN MYUNG, an individual; DEREK KINOSHITA, an individual

Plaintiffs

v.

RESPECT, LLC, a Nevada limited liability company; COLONIAL VAN LINES d/b/a MOVING VAN LINES, a foreign corporation;

Defendants

CASE NO.  2:24-cv-02182-CDS-NJK

**JOINT PRETRIAL ORDER**

After pretrial proceedings in this case,

IT IS ORDERED:

## I.  NATURE OF ACTION

This is an action by Plaintiff JIN MYUNG asserting Defendant Colonial Van Lines, Inc. ("Defendant" or "Colonial") committed violations under the Carmack Amendment to the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 14706, *et seq.*, and related federal common law.

**Plaintiffs' View:**

Plaintiffs hired Colonial Van Lines to transport their personal belongings and restaurant equipment as part of a move from Las Vegas to Fargo, North Dakota in May of 2023. Colonial knew Plaintiffs were relying on them to transport their restaurant equipment for the new restaurant they were going to operate in Fargo, North Dakota. The driver of the tractor truck operated a Colonial Van Lines truck with the Colonial logo on the outside of the truck. The driver represented that he was operating the moving truck on behalf of Colonial.

The driver was involved in a collision in Wyoming, and, as a result, he was unable to deliver Plaintiffs' goods and belongings to North Dakota. Colonial stored the goods in Wyoming, but has refused for over two years to provide Plaintiffs with their goods. Without their restaurant equipment Plaintiffs have suffered losses in their restaurant, including significant loss profits. In addition, Colonial has deprived Plaintiffs of their personal items for the same length of time.

At trial, Plaintiffs will present evidence on how these events impacted their business, ultimately contributing to its closure. In addition, because Colonial is not entitled to the limitations of liability under the Carmack Amendment, Plaintiffs will seek the value of the items of which they been deprived as well as damages for trespass to chattels and conversion.

**Defendant's View:**

On or about May 3, 2023, Plaintiffs entered into a written contract, the Interstate Bill of Lading, with Mover Van Lines to transport Plaintiffs' belongings from Las Vegas, Nevada to North Dakota.    On May 19, 2023, MVL entered into a written agreement, Carrier Hauling Agreement for Interstate Carriers as Independent Contractors ("Carrier Hauling Agreement") with Moshe Quillinan ("Moshe"), purportedly acting on behalf of Colonial, to transport Plaintiffs' belongings from Las Vegas to North Dakota.  On May 20, 2023, at approximately 4:45 p.m. Moshe was involved in a motor vehicle accident in Sweetwater County, Wyoming.  As a result of the collision, the vehicle driven by Moshe was deemed disabled.

Upon learning that Colonial's truck had been involved in an accident, Colonial hired a tow truck to tow the damaged truck to a repair shop[1] and made arrangements to have the contents of the truck placed in storage at the nearest storage facility located in Evanston, Wyoming.

Colonial contends that Moshe lacked authority to enter into a contract on behalf of Colonial and that Colonial is not liable for the actions of Moshe.  Colonial also contends that the Carmack Amendment applies to this litigation and limits the amount of damages Plaintiff is entitled to recover.

## II.  STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337, as this action arises from the carriage of goods in interstate commerce and is governed by federal statutes; including, but not limited to, the Carmack Amendment to the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 14706, *et seq.* (the "Carmack Amendment"), and federal common law related thereto.

### III.  FACTS ADMITTED BY THE PARTIES

The following facts are admitted by the parties and require no proof:

1.      On or about May 3, 2023, Plaintiffs entered into a written contract, the Interstate Bill of Lading, with Mover Van Lines ("MVL") to transport Plaintiffs' belongings from Las Vegas, Nevada to North Dakota.

2.      On May 19, 2023, MVL entered into a written agreement, Carrier Hauling Agreement for Interstate Carriers as Independent Contractors ("Carrier Hauling Agreement") with Moshe Quillinan, purportedly acting on behalf of Colonial, to transport Plaintiffs' belongings from Las Vegas to North Dakota.

3.      On May 20, 2023, at approximately 4:45 p.m. Moshe Quillinan was involved in a motor vehicle accident in Sweetwater County, Wyoming.[2]  As a result of the collision, the vehicle driven by Moshe was deemed disabled.

---

[1] Deposition of T. Hinds, at pages 18-19, lines 19 – 4 – **Exhibit 4**.
[2] Investigator's Traffic Crash Report – **Exhibit 3**.

4.    Colonial hired a tow truck to tow the damaged truck to a repair shop and made arrangements to have the contents of the truck placed in storage at the nearest storage facility located in Evanston, Wyoming.

5.    The contents of the truck, including Plaintiff's property, remains in storage in Evanston, Wyoming.

## IV.  UNCONTESTED FACTS

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

None other than those listed in Section III hereinabove.

## V.  ISSUES OF FACT

The following are the issues of fact to be tried and determined at trial. [Each issue of fact must be stated and in specific terms.]

**Plaintiff's View:**

1.  Were Plaintiffs entitled to rely upon Moshe Quillinan's apparent authority that he was transporting their items on behalf of Colonial?

2.  What is the value of personal belongings and restaurant equipment that Plaintiffs lost?

3.  What is the value of profits Plaintiffs lost?

**Defendant's View:**

1.  Was Moshe Quillinan authorized to contract on behalf of Colonial.

2.  Does the Carmack Amendment apply to this claim to limit Plaintiff's damages?

3.  If Carmack applies, what is the weight of Plaintiff's goods that were lost or damaged during shipping.

4.  If Carmack does not apply, what is the value of the items belonging to Plaintiff that were lost or damaged during shipping.

## VI.  ISSUES OF LAW TO BE TRIED

The following are the issues of law to be to be tried and determined at trial. [Each issue of fact must be stated and in specific terms.]

1. Whether Plaintiff is entitled to judgment in the amount of the full replacement value of the property that was lost or damaged while in Colonial's possession.

2. Whether Moshe Quillinan had authority to contractually bind Colonial.

3. Whether the Carmack Amendment applies to limit liability.

### VII.  EXHIBITS

a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

1. Plaintiff's Exhibits

| Exhibit | Documents | Batesnumber |
|---|---|---|
| 1. | Sublease Agreement with Market Square, Inc. | MYU/KIN 1 – 6 |
| 2. | Movers Van Line Inventory of Plaintiffs' Goods | MYU/KIN 7 – 8 |
| 3. | Bank Statements | MYU/KIN 9 – 19 |
| 4. | Interest Payments to Bijay re Sublease | MYU/KIN 20 – 21 |
| 5. | Lightspeed Service Agreement and Breakdown re Loan for Business | MYU/KIN 22 – 23 |
| 6. | NationalFunding Purchase and Sale of Future Receivables | MYU/KIN 24 – 43 |
| 7. | Respect, LLC Information Report | MYU/KIN 44 - 53 |
| 8. | Colonial Van Lines Information Report | MYU/KIN 54 – 64 |
| 9. | June 12, 2023 Carrier Acknowledgement Letter | MYU/KIN 65 |
| 10. | Mover Van Lines Interstate Bill of Lading Contract Unexecuted | MYU/KIN 66 - 70 |
| 11. | Allegiance Moving and Storage, LLC Estimate | MYU/KIN 71 – 72 |
| 12. | Email Exchange between Plaintiffs and Counsel for Respect, LLC | MYU/KIN 73 – 77 |
| 13. | District Court Complaint, Respect, LLC v. Colonial Van Lines, Case No. A-23-873771-C | MYU/KIN 78 – 90 |

| 14. | Mover Van Lines Accessorial & Post-Contract Services | MYU/KIN 91 – 92 |
|---|---|---|
| 15. | Mover Van Lines Interstate Bill of Lading Contract Executed | MYU/KIN 93 – 96 |
| 16. | May 17, 2023 Email re Moving Incident of Goods | MYU/KIN 97 – 100 |
| 17. | Allegiance Moving and Storage, LLC Payment Receipt | MYU/KIN 101 |
| 18. | Plaintiff's List of Damages | MYU/KIN 102 – 106 |
| 19. | Carrier Hauling Agreement | MY/KIN 107 – 118 |

2.    Defendant's Exhibits

| Exhibit | Document | Bates Number |
|---|---|---|
| 501. | Colonial Van Lines, Inc. Independent Contractor Operating Agreement. | CVL001-003 CVL-015-036 |
| 502. | Investigator's Traffic Crash Report | CVL004-014 |
| 503. | Interstate Bill of Lading | MY/KIN093-096 |
| 504. | Carrier Hauling Agreement | MY/KIN083-087 |

b)    As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

1.    Set forth the Plaintiff's exhibits and objections to them.

Plaintiff reserves the right to introduce at trial any exhibit listed on Defendant's exhibit list. Plaintiff stipulates to the authenticity of the below documents only and reserves all rights to object to their admissibility. Plaintiff further reserves all rights reserved by any other party with respect to the listing of exhibits in this Joint Pre-Trial Order.

| Exhibit | Description | Bates Number | Stipulation |
|---|---|---|---|
|  |  |  |  |

2.      Set forth the Defendant's exhibits and objections to them.

Defendant reserves the right to introduce at trial any exhibit listed on Plaintiff's exhibit list. Defendant stipulates to the authenticity of the below documents only and reserves all rights to object to their admissibility. Defendant further reserves all rights reserved by any other party with respect to the listing of exhibits in this Joint Pre-Trial Order.

| Exhibit | Description | Bates Number | Stipulation |
|---------|-------------|--------------|-------------|
|         |             |              |             |
|         |             |              |             |

c)      Electronic evidence: [State whether the parties intent to present electronic evidence for purposes of jury deliberations.]

All parties intend to use available courtroom technology to display exhibits electronically and request that, to the extent exhibits are provided to the jury for deliberations, they be made available to the jury in electronic format.

1.      Plaintiff intends to present the following electronic evidence for jury deliberations.

None at this time.

2.      Defendant intends to present the following electronic evidence for jury deliberations:

None at this time.

d)      Depositions:

All parties reserve the right to use depositions for any purpose allowed under Fed. R. Civ. P. 32(a), including for impeachment purposes. In addition, all parties reserve the right under Fed. R. Civ. P. 32(a)(4) to offer the deposition of any disclosed witness if the witness becomes unavailable.

1. Plaintiff will offer the following depositions: Not at this time.

2. Defendant will offer the following depositions: [Indicate name of deponent and identify portions to be offered by pages and lines and the party or parties against who offered.]

None at this time.

e) Objections to depositions:

1. Defendant objects to plaintiff's depositions as follows: N/A

2. Plaintiff objects to defendant's depositions as follows: N/A

**VIII.**

The following witnesses may be called by the parties at trial:

a) Provide names and addresses of plaintiff's witnesses.

1. Jin Myung
c/o Hamilton Law
5125 S. Durango Drive
Las Vegas, NV 89113
(702) 818-1818

2. Derek Kinoshita
c/o Hamilton Law
5125 S. Durango Drive
Las Vegas, NV 89113
(702) 818-1818

3. 30(b)(6) Colonial Van Lines
c/o Luh & Associates
Charlie H. Luh
Craig D. Slater
8987 W. Flamingo Road, Suite 100
Las Vegas, NV 89147
Tel: 702-367-8899

4.    Moshe Daniel Nevette Quillinan
      4308 Sewance Road
      Memphis, TN 38109

5.    Ivan Penzov
      3555 W. Quail Avenue
      Las Vegas, NV 89118

6.    Stephanie Little
      c/o Luh & Associates
      Charlie H. Luh
      Craig D. Slater
      8987 W. Flamingo Road, Suite 100
      Las Vegas, NV 89147
      Tel: 702-367-8899

7.    Toshia Hinds
      c/o Luh & Associates
      Charlie H. Luh
      Craig D. Slater
      8987 W. Flamingo Road, Suite 100
      Las Vegas, NV 89147
      Tel: 702-367-8899

8.    Aldo Diforvo
      c/o Luh & Associates
      Charlie H. Luh
      Craig D. Slater
      8987 W. Flamingo Road, Suite 100
      Las Vegas, NV 89147
      Tel: 702-367-8899

a)    Provide names and addresses of defendant's witnesses.

1.    Aldo Disorbo
      c/o Luh & Associates
      Charlie H. Luh
      Craig D. Slater
      8987 W. Flamingo Road, Suite 100
      Las Vegas, NV 89147
      Tel: 702-367-8899

2.    Toshiba Hinds
      c/o Luh & Associates
      Charlie H. Luh
      Craig D. Slater
      8987 W. Flamingo Road, Suite 100

Las Vegas, NV 89147
Tel: 702-367-8899

9.   FRCP 30(b)(6) Witness for Respect LLC dba Mover Van Lines
c/o Lynch Law Practice
3613 S. Eastern Ave.
Las Vegas, NV 89169
(702) 413-8282

10.   Moshe Daniel Nevette Quillinan
4308 Sewanee Road
Memphis, TN 38109

## IX.

The attorneys or parties have met and jointly offer these three trial dates:

December 14, 2026     January 11, 2027     January 18, 2027

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the

agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

## X.

It is estimated that the trial will take a total of 4-5 days.

APPROVED AS TO FORM AND CONTENT:

**HAMILTON LAW**                                    **LUH & ASSOCIATES**

*/s/Ryan A. Hamilton*                               */s/ Craig D. Slater*
Ryan A. Hamilton, Esq.                              Charlie H. Luh
Nevada Bar No. 11587                                Nevada Bar No. 6726
5125 S. Durango Drive                               Craig D. Slater
Las Vegas, NV 89113                                 Nevada Bar No. 8667
Telephone: (702) 818-1818                           8987 W. Flamingo Road, Suite 100
Facsimile: (702) 974-1139                           Las Vegas, NV 89147
Email: ryan@hamlegal.com                            Telephone: (702) 367-8899
*Attorney for Plaintiff*                            Fax: (702) 384-8899
                                                    Email: cluh@luhlaw.com
                                                            cslater@luhlaw.com
                                                    *Attorneys for Defendant Colonial*

## XI.

## ACTION BY THE COURT

This case is set for court/jury trial on the ~~fixed~~/stacked calendar on <u>January 18, 2027</u> at 9:30 a.m. Calendar call will be held on <u>December 29, 2026</u> at 9:30 a.m. in courtroom 6B..

Dated: April 16, 2026

_____
UNITED STATES DISTRICT JUDGE